UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
**************************************
Travel Sentry, Inc.                    *
                        Plaintiff      *
                                       *
                                       *
v.                                     *
                                       *   Civil Docket No. 06-cv-118-JD
David Tropp                            *
                        Defendant      *
and                                    *
Safe Skies, LLC                        *
                        Defendant      *
**************************************
```

### TRAVEL SENTRY, INC.'S SURREPLY IN RESPONSE TO
### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Plaintiff Travel Sentry, Inc. ("Travel Sentry") hereby submits this Surreply Memorandum in response to Defendants' Reply Memorandum in support of their Motion to Dismiss or, in the Alternative, to Transfer (the "Reply Memorandum"). Travel Sentry submits this Surreply to correct the record with respect to several misstatements and omissions of fact and to address several new arguments made by the Defendants:

1.       At the outset, Defendants argue that Travel Sentry's Opposition to the Motion to Dismiss was late, and should be deemed waived. Defendants evidently overlooked the interplay between Local Rules 6.1 and 7.1(b) and Fed. R. Civ. P. 5 and 6, which together provide that objections to motions shall be filed within 10 days from the date the motion is served, that intervening Saturdays, Sundays and holidays are excluded from the computation, and that three (3) days are added due to service by ECF. Because the Defendants here served the Motion to Dismiss on June 5, 2006 via ECF pursuant to Rule 5(b)(2)(D), 3 days are added to the time to respond to the Motion to Dismiss. Therefore, Travel Sentry's Opposition was in fact due on June 22, 2006, the day that it was filed with the Court and served upon Defendants via ECF.

BO1 15789865.2 / 37781-000005

2.      The Defendants' misconstrue the Federal Circuit cases they cite regarding

exclusive distributors, and attempt to argue that their exclusive agreement with Travelpro is

sufficiently distinguishable to avoid jurisdiction.  The crux of the inquiry is not whether the

Defendants have an exclusive distribution agreement with Travelpro as to all retailers, but

whether the distribution agreement contemplates a relationship beyond just royalty payments

with an entity that does business in the forum state.  *See Breckenridge Pharmaceutical, Inc. v.*

*Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) ("In particular, our caselaw requires

that the license agreement contemplate a relationship beyond royalty or cross-licensing payment,

such as granting both parties the right to litigate infringement cases…").  The Defendants'

Agreement with Travelpro clearly does this.  While under the Distribution Agreement the

Defendants are allowed to sell their products through other entities, the crucial fact here is that

they have an ongoing relationship with Travelpro, beyond the mere payment of royalties,

whereby Travelpro exclusively sells Tropp's products to certain "Allowed Retailers," several of

which are located in New Hampshire.  The Defendants' ongoing relationship with Travelpro,

including their agreement to indemnify Travelpro and/or defend it in patent infringement actions,

is exactly the kind of relationship that gives rise to personal jurisdiction under Federal Circuit

law.

3.      The Defendants also place too much emphasis on the relative level of forum

contacts in certain cases cited by Travel Sentry.  For example, the Defendants argue that sales in

the applicable forum were more significant in certain cases Travel Sentry cites than Defendants'

New Hampshire sales in this case.  However, this Court has stated that the fact that "sales … in

New Hampshire account for only a small portion of its total national (or even international) sales

is not dispositive."  *R&J Tool, Inc. v. The Manchester Tool Co.*, 2001 WL 1636435, *4 (D.N.H.

2

2001) (emphasis added), *citing North American Philips*, 35 F.3d 1576, 1577 (Fed. Cir. 1994); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). In fact, the forum contacts at issue in *Braley v. Sportec Products Co.*, 2002 WL 1676293 (D.N.H. 2002) (DiClerico, J.) were less than the Defendants' contacts with New Hampshire in this case. In *Braley*, the Defendant did not have an exclusive distribution agreement with any company doing business in New Hampshire, and it argued that it was not subject to the personal jurisdiction of this Court because it sold its products to independent companies and did not supervise, control or have advance notice of where those companies consequently marketed the Defendant's products. This Court rejected the Defendant's arguments and found that personal jurisdiction over the Defendant existed because their product was available for sale on the Internet through various websites and a catalog, which were accessible to New Hampshire consumers. *Id.* at *4. "Sportec sold its product to the catalogue and internet companies so that its product might be distributed to the market at large, including New Hampshire." *Id.*

   4.      Contrary to Defendants' assertions, Travel Sentry does not argue that Tropp and Safe Skies, LLC are the same entity or that the corporate identity should be disregarded. The point is that although Safe Skies is a limited liability company, it effectively operates as a sole proprietorship. Tropp is its President and founder, and the company acts through him. Accordingly, all of Safe Skies' activities in New Hampshire are personally directed by Tropp. This subjects him to personal jurisdiction here as well. Moreover, Tropp, in his individual capacity, sent cease-and-desist letters to Travel Sentry and its customers, including one in New Hampshire, and reiterated his allegations of infringement and intent to sue Travel Sentry at his deposition in the soon-to-be dismissed New York Action. At the time of these sworn deposition statements, Travel Sentry was located in New Hampshire.

5.      Citing *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275 (Fed. Cir. 2005), the Defendants incorrectly state the Federal Circuit's finding that, in order to give rise to personal jurisdiction, a website "must be purposefully directed at customers in the forum state – a general website accessible to customers nationwide cannot be the basis for a sufficient contact." *Trintec*, however, <u>does not so hold</u> and, in fact, the Federal Circuit has not yet decided this issue. "We <u>need not decide that question, here</u>, however, since Trintec did not rely solely on Pedre's website as the basis for jurisdiction." *Id.* at 1281 (emphasis added).[1] Courts in other circuits that <u>have</u> decided the issue have held that an interactive, transaction-oriented website just like Safe Skies' site, by itself, supports long-arm jurisdiction wherever the site is accessible to potential customers in the forum in order to purchase the Defendants' products. *See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1125-26 (W.D.Pa. 1997). In any event, the Defendants, once again, attempt to examine each of their contacts with New Hampshire in isolation. Even if the website, *alone*, does not support personal jurisdiction, all of the Defendants' contacts with New Hampshire, taken together, make the exercise of personal jurisdiction over them reasonable and proper.

6.      The Defendants also argue that Travel Sentry has elected to bring this case in a forum which is not its "home turf" and, therefore, its choice of forum should be accorded less weight. The Defendants, once again, misstate the facts. Travel Sentry is headquartered in New Hampshire. Indeed, although not mentioned in the Reply, the attachments (Exhibit C) to Tropp's Supplemental Affidavit, show that Travel Sentry's headquarters moved from Florida to New Hampshire in September 2005. ("Blumenthal Supp. Aff."), ¶ 2. Moreover, while Travel

---

[1] The Federal Circuit did not even a reach a decision as to whether the district court had personal jurisdiction over the Defendant in that case because there were not enough facts in the record to make such a decision. "Unfortunately, the additional facts upon which Trintec relies are also too ambiguous to permit us to make an informed judgment on the jurisdictional issue." *Trintec Industries, Inc.*, 395 F.3d at 1281.

4

Sentry's headquarters is at the same address as Joel Blumenthal, its President's, home, Travel Sentry is not aware of any authority that holds or even suggests that sharing a principal place of business with a personal residence somehow invalidates the business address. Indeed, in today's business world, it is highly common for small businesses, like Travel Sentry, to be run out of the home of a principal. *Id.* And, while Travel Sentry is not currently registered with the Secretary of State in New Hampshire, it does, in fact, do business here and has filed and fully complied with all income and payroll taxes to the State of New Hampshire. Blumenthal Supp. Aff., ¶ 3.[2] Finally, Defendants once again suggest that their "home turf" (New York City) is the more convenient forum, citing to the unrelated New York Action. But Defendants fail to mention that, at the time the New York Action was commenced, Travel Sentry was headquartered in Florida. Travel Sentry moved to New Hampshire six months before this action was filed. In addition, Defendants fail to mention that the parties in the New York Action have agreed to dismiss that case with prejudice. Blumenthal Supp. Aff., ¶ 4.

## CONCLUSION

For the foregoing reasons, and those reasons set forth in Travel Sentry's Opposition to Defendants' Motion to Dismiss, or in the Alternative, to Transfer, this Court should deny the Defendants' Motion to Dismiss, or in the Alternative, to Transfer.

---

[2] At best, Defendants could only argue the Travel Sentry is not in compliance with whatever registration requirements there may be at the Secretary of State. But this does not mean that Travel Sentry is not headquartered in New Hampshire or that it is not actually engaged in its business in New Hampshire, as it is in this case.

5

**SEYFARTH SHAW, LLP**

Dated: July 27, 2006

_/s/ Heidsha Sheldon_
William L. Prickett (Mass. BBO # 555341)
(admitted *pro hac vice*)
Heidsha Sheldon (Mass. BBO# 655263)
(admitted *pro hac vice*)
SEYFARTH SHAW, LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
(617) 946-4800
wprickett@seyfarth.com
hsheldon@seyfarth.com

**PRETI, FLAHERTY, BELIVEAU, &
PACHIOS, PLLP**

Dated: July 27, 2006

Peter G. Callaghan, NHBAR #6811
Preti, Flaherty, Beliveau, Pachios & Haley, PLLP
57 North Main Street
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500 (direct)
pcallaghan@preti.com

**Counsel for Travel Sentry, Inc.**

### Certificate of Service

I, Heidsha Sheldon, hereby certify that a copy of the foregoing pleading was forwarded this date to all counsel of record by ECF.

Dated: July 27, 2006

_/s/ Heidsha Sheldon_
Heidsha Sheldon

6