UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*************************************
\*
Travel Sentry, Inc.   \*
      Plaintiff   \*
\*
v.   \*
\*   Civil Docket No. 06-cv-118-JD
David Tropp   \*
      Defendant   \*
and   \*
Safe Skies, LLC   \*
      Defendant   \*
*************************************

### TRAVEL SENTRY, INC.'S OPPOSITION TO SAFE SKIES, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Over two months <u>after</u> the August 15, 2006 deadline for filing motions to dismiss, defendant Safe Skies, LLC ("Safe Skies") moves to dismiss the case against it for lack of subject matter jurisdiction. Safe Skies' Motion is nothing but a belated and transparent ploy to bolster the Defendants' weak opposition to the Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents, and yet another attempt at stalling discovery. As shown below, both Safe Skies and defendant David A. Tropp ("Tropp") have advertised that Safe Skies is a patent holder of the patents at issue in this case. Given Safe Skies' public claims of proprietary rights with respect to the patents, plaintiff Travel Sentry, Inc. ("Travel Sentry") has a reasonable apprehension of being sued for infringement by both Tropp <u>and</u> Safe Skies. This Court, therefore, has subject matter jurisdiction of this case over Safe Skies.

### FACTUAL AND PROCEDURAL HISTORY

This is an action by Travel Sentry against Defendants for a declaration of noninfringement and invalidity of U.S. Patents No. 7,021,537 (the "'537 Patent") and 7,036,728 (the "'728 Patent") (collectively, the "Patents-in-Suit").

John Vermilye, founder and CEO of plaintiff Travel Sentry, is the creator of a lock standard that enables the traveling public to lock their checked baggage during travel while still allowing the Transportation Security Administration ("TSA") to search the bags as needed and then re-lock them.  This system centers on the use of a dual access lock in which the TSA holds exclusive control of the master key sets that allows it to open TSA-recognized and accepted baggage locks.  The Travel Sentry System provides for a limited number of keys that can open a wide range of  TSA-recognized and accepted luggage locks. Travel Sentry licenses its travel lock technology to luggage lock manufacturers.  It is this technology that Defendants have claimed infringes their patents, resulting in the filing of this action.

Defendant Tropp is the named inventor of the Patents-in-Suit entitled "Method of Improving Airline Luggage Inspection."  This method, which was developed after the Travel Sentry system, entails using a similar dual access lock that can be opened and closed by consumers and baggage screeners working for the TSA with a set of universal keys.  Tropp named his dual access locks "Liberty Locks."

Tropp does business as Safe Skies, LLC, a closely-held New York limited liability company.  June 5, 2006 Affidavit of David Tropp ("June 5, 2006 Tropp Affidavit"), ¶ 3.[1]  Safe Skies is founded and owned by Tropp.  *Id.*  Tropp is also Safe Skies' President.  *Id.* at ¶ 4.  Safe Skies sells the Liberty Locks and, like Travel Sentry, it has entered into a Memorandum of Understanding with the TSA, under which Safe Skies provides to TSA the sets of universal keys designed to permit TSA screeners to open checked baggage secured with Safe Skies locks. Deposition of David A. Tropp, attached to the Affidavit of Heidsha Sheldon ("Sheldon Aff.") as Exhibit 1, pp. 62:14-63:12, 324:10-19.

---

[1] The June 5, 2006 Tropp Affidavit was submitted by the Defendants in support of their Motion to Dismiss for Lack of *In Personam* Jurisdiction, or In the Alternative, To Transfer (Document 13).

Safe Skies publicly represents itself as the holder of the Patents-in-Suit. On its website, www.safeskieslocks.com, Safe Skies states that "The valuable technology behind the TSA Lock is proprietary to Safe Skies™ TSA Locks." Affidavit of Joel Blumenthal ("Blumenthal Affidavit"), ¶ 2. It also states that "Liberty Lock™ is a Registered Trademark of Safe Skies LLC, protected by US Patents 7,021,537 and 7,036,728 [the Patents-in-Suit] with other Worldwide Patents Pending." *Id.*

Safe Skies' website also contains a page titled "Safe Skies TSA Locks Patents." *Id.* at ¶ 3. That page displays a copy of the cover page of the '537 Patent, and in place of the name of the inventor, it superimposes the Safe Skies torch logo. *Id.* Safe Skies has also published a similar advertisement in trade magazines, and, as Tropp <u>himself</u> concedes, it has instructed its marketing firm to make the statement that "Safe Skies TSA Luggage Locks <u>is the patent holder</u> for the TSA Luggage Lock." Id. at ¶¶ 3-4 (emphasis added); October 12, 2006 Affidavit of David Tropp, Exhibit 1.[2]

Prior to the issuance of the Patents-in-Suit, the Defendants sent letters to Travel Sentry and its customers creating a reasonable apprehension of a suit for infringement of the anticipated patents with respect to Travel Sentry's ability to license or to make, use, or sell at least some of its travel lock technology. June 20, 2006 Affidavit of Joel Blumenthal ("June 20, 2006 Blumenthal Affidavit"), ¶ 9.[3]

---

[2] This Affidavit was submitted by Tropp in the action *Travel Sentry v. David A. Tropp and Safe Skies, LLC*, E.D.N.Y., C.A. No. 05-2338, and has been attached to the Sheldon Affidavit as Exhibit 2.

[3] The June 20, 2006 Blumenthal Affidavit was submitted by the Plaintiff in support of its Opposition to the Defendants' Motion to Dismiss for Lack of *In Personam* Jurisdiction, or in the Alternative, to Transfer (Document No. 17).

**ARGUMENT**

In its belated motion to dismiss, Safe Skies argues that because it is not the patentee, assignee or exclusive licensee of the Patents-in-Suit, it is not properly a defendant in this action. Whether Safe Skies can be properly sued here turns on whether Travel Sentry has a reasonable apprehension that Safe Skies will initiate suit if Travel Sentry continues the allegedly infringing activities. *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987). Based on Tropp's and Safe Skies' actions, Travel Sentry has a reasonable apprehension of suit by <u>both</u> Tropp <u>and</u> Safe Skies.

Safe Skies argues that Travel Sentry cannot have a reasonable apprehension that it will face an infringement suit by Safe Skies because Safe Skies supposedly has no standing to bring an infringement claim. However, Travel Sentry, and this Court, are not required to accept Tropp's bald representation without further inquiry, especially in the face of the directly contradictory advertisements and other public representations made by the Defendants. *See, e.g., Orion Electric Co., Ltd. v. Funai Electric Co.,* Ltd., C.A. No. 01-CIV-3510, 2001 WL 1506009, *3 (S.D.N.Y. Nov. 26, 2001) (plaintiffs in patent declaratory judgment action not required to accept defendant's representation regarding ownership of patent without further inquiry; "proper focus is on the substance of the patent rights transferred, not on how the parties to the transfer might label the transaction."). Despite Tropp's declaration, Safe Skies advertises itself as the patent holder of the Patents-in-Suit on its website and in other ads, and Tropp has instructed Safe Skies' marketing firm to make the statement that Safe Skies is the "<u>patent holder</u> for the TSA Luggage Lock" (emphasis added).

Moreover, the lack of a written license agreement does not mean that Safe Skies cannot, or would not, sue Travel Sentry for patent infringement. A patent license may be oral or implied.

4

*See, e.g., Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (appointment of distributor to sell product covered by a patent conveys implied license to distributor).  In addition, to the extent that there is no current license or assignment, Tropp may assign rights to Safe Skies in order to sue Travel Sentry in the future.

Further, under certain circumstances, parties other than assignees or exclusive licensees may have standing to join the patentee and sue an alleged infringer.  *See, e.g., Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1481-82 (Fed. Cir. 1990) ("When the sole licensee … has been shown to be directly damaged by an infringer in a two-supplier market, and when the nexus between the sole licensee and the patentee is so clearly defined … the sole licensee must be recognized as a real party in interest"); *Mi-Jack Products, Inc. v. The Taylor Group, Inc.*, C.A. No. 96-C-7850, 1997 WL 441796 (N.D. Ill. Jul. 30, 1997) (given the close relationship between patent holder and sole licensee, the sole licensee had standing to bring an infringement action with the patent holder).  Here, Safe Skies is the <u>sole</u> entity through which Tropp authorizes the distribution of his "patented" technology into the stream of commerce, here in New Hampshire and to other distributors in the United States and, therefore, Safe Skies is in the same position as the sole licensees in *Kolman* and *Mi-Jack Products*.

Moreover, although Safe Skies is technically a limited liability company, it effectively operates as a sole proprietorship.  Tropp is its President, founder and until recently, the sole owner of Safe Skies, and the company acts through him.[4]  Accordingly, all of Safe Skies' activities are personally directed by Tropp.  In view of the Defendants' actions, advertisements, and other public statements, Travel Sentry has a reasonable apprehension that Safe Skies will claim proprietary rights in the Patents-in-Suit and would join Tropp in an infringement suit

---

[4] Until recently, Tropp was the sole owner of Safe Skies.  It appears that his business partner, Al Smaldone, now holds a small interest in Safe Skies.

5

against Travel Sentry.[5] Indeed, Tropp made that abundantly clear when he testified and reconfirmed that Safe Skies planned to sue Travel Sentry for infringement. Tropp Deposition at pp. 261:24 – 263:2, 301:5 – 302:16.

## CONCLUSION

For all of the foregoing reasons, Travel Sentry respectfully request that this Court deny Safe Skies' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**SEYFARTH SHAW, LLP**

Dated: November 6, 2006

/s/ Heidsha Sheldon
William L. Prickett (Mass. BBO # 555341)
(admitted *pro hac vice*)
Heidsha Sheldon (Mass. BBO# 655263)
(admitted *pro hac vice*)
SEYFARTH SHAW, LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
(617) 946-4800
wprickett@seyfarth.com
hsheldon@seyfarth.com

---

[5] Travel Sentry need not verify the basis for the Defendants' actions or the veracity of their statements. *See Third Wave Technologies, Inc. v. Digene Corp.*, C.A. No. 05-C-0594-C, 2006 WL 83340 (W.D. Wis. Jan. 10, 2006):

> … the test with respect to any statement is not whether the person making the statements speaking was authorized to do so, or whether the person had a legitimate ground for making the statement or even whether the statement is true, but whether the statements would have produced an objectively reasonable apprehension of suit in the listener.

*Id.* at *4 (citations omitted).

|  |  |
|---|---|
| Dated: November 6, 2006 | **PRETI, FLAHERTY, BELIVEAU, & PACHIOS, PLLP**<br><br>Peter G. Callaghan, NHBAR #6811<br>Preti, Flaherty, Beliveau, & Pachios PLLP<br>57 North Main Street<br>P.O. Box 1318<br>Concord, NH 03302-1318<br>(603) 410-1500 (direct)<br>pcallaghan@preti.com<br><br>**Counsel for Travel Sentry, Inc.** |

## Certificate of Service

I, Heidsha Sheldon, hereby certify that a copy of the foregoing pleading was forwarded this date to all counsel of record by ECF.

Dated: November 6, 2006                    */s/  Heidsha Sheldon*
                                                                  Heidsha Sheldon